**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____                    **Case #**

**OMAR ARCENA-PEREZ**
**on behalf of himself and**
**all other similarly situated consumers**

                    **Plaintiff,**

**-against-**


**CONSTAR FINANCIAL SERVICES, LLC**

                    **Defendant.**
_____


## CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED


1. Plaintiff OMAR ARCENA-PEREZ seeks redress for the illegal practices of

CONSTAR FINANCIAL SERVICES, LLC concerning the collection of debts, in violation of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

Parties.


2. Plaintiff is a citizen of the State of New York who resides within this District.


3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the

Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in Jacksonville, FL.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993)

10. In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir.1993)

## Jurisdiction and Venue

11. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## Nature Of The Action

13. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, et seq.

14. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

15. Plaintiff is seeking damages, and declaratory and injunctive relief.

<u>**Violations Of The Fair Debt Collection Practices Act**</u>
<u>**Allegations Particular to Plaintiff**</u>

16. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

17. On or about October 4, 2017, Defendant sent the Plaintiff a collection letter attached as Exhibit A seeking to collect a balance allegedly incurred for personal purposes.

<u>**First Count**</u>
<u>**Violation of 15 U.S.C. § 1692g**</u>

18. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

19. Said letter attached as <u>Exhibit A</u> contains the 1692(g) notice on the front of the letter, along with other highlighted notices but deletes a part of the standard language with a warning that states as follows:

> If you notify this office in writing within 30 days
> from receiving this notice you dispute the validity of
> this debt or any portion thereof, this office will
> obtain verification of the debt or obtain a copy of a
> judgment and mail you a copy of such judgment or
> verification.

20. Said language is a misstatement of the mandatory language embodied in section 15 U.S.C. § 1692g, and is therefore in violation thereof. Instead of a simple statement requiring the debtor to dispute the debt in writing, the notice offers a confusing statement by first stating "If you notify this office in writing within 30 days from receiving this notice" and then stating "you dispute the validity of this debt or any portion thereof", the defendant confuses the debtor with possibility that the statement requires him to notify the office in writing and also that he must issue some other dispute. The notice omits the key word of "that" between the two statements, which would have brought logical sense to the statement by indicating that the dispute should be included in the letter to the defendant.

21. Said language can be reasonably read to have two or more different meanings, one of which is false. Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. 2016); Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under §1692e(10) of the Act.)

22. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

23. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

24. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice; herein after referred to as the "Notice." The Notice provides information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5) as follows:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25. This Notice is an important statutory right which must be effectively and clearly conveyed to the consumer.

26. The Notice must be sufficiently prominent to be readily noticed. It cannot be overshadowed by its placement, nor by other language or notices in the letter.

27. The Notice in said letter is inconspicuously placed on same, mixed in with various other federal and state law notices, some of which are in bold letters.

28. The Validation Rights Notice on said letter is not prominent and is overshadowed by other language in the letter, and is in violation of 15 U.S.C. § 1692g of the FDCPA.

29. Section 1692g(b) of the FDCPA states:

> any collection activities and communication during the 30-
> day period may not overshadow or be inconsistent with the
> disclosure of the consumer's right to dispute the debt or
> request the name and address of the original creditor.

30. The least sophisticated consumer is unlikely going to look twice at the Notice on the letter as the layout and font of the notice gives off a sense of insignificance as compared to other more bold statements on the front of the letter, leaving the consumer in the dark as to his or her validation rights. Harlan v. Transworld Sys., 2014 U.S. Dist. LEXIS 48150, 29 (E.D. Pa. Apr. 8, 2014). ("It seems that no debt collector would want to prominently display a notice of validation

rights for concern that doing so would reduce the rate at which less sophisticated consumers

simply pay to make the inconvenience (or intimidation) go away, even if the debt is not in fact

valid.")


### Second Count
### Violation of 15 U.S.C. § 1692e(5) and 1692e(10) Avila v. Riexinger Associates

31. 15 U.S.C. § 1692e requires debt collectors, when informing debtors of their account

balance, to disclose whether the balance may increase due to interest and fees.  Avila v.

Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).  Defendant's collection letter fails to

include the safe harbor language set out in Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76

(2d Cir. 2016).


32. The least sophisticated consumer would be left uncertain by the said letter as to

whether the accounts were accruing interest or not. Upon information and belief, the "Total Due"

in the case at hand was for an amount that included original principal, fees, and contractual

interest. The letter failed to correctly state the in full the amount of the debt allegedly owed.

Though the collection letter to Plaintiff stated "Total Due," the letter did not state on which date

the "Total Due" was calculated, and did not explain that contractual interest and/or legal fees

would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be

greater on the date he makes a payment, and his check would have been insufficient to cover the

full amount, thereby exposing him to additional interest payments. Such a collection letter is

open to one of multiple interpretations and would likely be misunderstood by an unsophisticated

consumer. The least sophisticated consumer could be led to believe that although there is no

accrued interest at the time he received said letter, he may be liable to such a fee in the future.


33. Upon information and belief, it is the pattern and practice of the creditor when

engaging in collection activity through court proceedings, to bring collection actions requesting

interest and obtaining judgments, which include interest beginning from the time period of the

last full payment made by the debtor. In other words, while interest may not be requested now, it

is accruing and will be requested by the creditor within a later collection proceeding.


34. A reasonable consumer could read the notices and be misled into believing that he or

she could pay the debt in full by paying the amount listed on the notice. However, since

contractual interest is automatically accruing daily, and since there are undisclosed legal fees that

will accrue, a consumer who pays the "Total Due" stated on the notices will be unaware as to

whether or not the debt has been paid in full.


35. The amount of the contractual interest, automatically increases each day that the

defaulted debt remains unpaid due to the automatically accrued interest.

Collection notices that state only the amount due but fail to disclose that the

balance might increase due to interest and fees, are "misleading" within the meaning of

Section 1692e.

36. Upon information and belief, the defendant historically and currently, regularly seeks payment of interest from the date that the last payment was due, in civil court collection proceedings brought through judicial proceedings.  The debt collector therefore could still seek the automatically accrued contractual interest that accumulated after the notices were sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

37. A letter that fails to provide notice that the amount is already increasing due to automatically accruing contractual interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account, when in fact, it may not, especially if the defendant commenced a collection action, which could occur at any time, and would allow the defendant to claim the interest as well.

38. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

39. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms. The defendant was required to include a disclosure that the automatically accrued interest was

accruing, or in the alternative, was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and that defendant would always accept the amount stated as due in full satisfaction of the debt, yet defendant failed to make any such disclosures, violating Section 1692e of the FDCPA. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e of the FDCPA as defendant knew that balance would increase due to interest, fees and/or disbursements.

40. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016) Because the "Balance" included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived and without notice that the debt collector and/or the creditor is always willing to accept "Total Due" in full satisfaction of the debt, irrespective when the payment was made, Defendant's collection notice can mislead the least sophisticated consumers into believing that payment of the amount stated will clear his or her account. According to the Second Circuit's finding that the "Amount Due" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated

on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016). The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future. In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract. The consumers could not know what the real balance is.

41. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003).   A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

42. The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge statutory or prejudgment interest in its statements post charge off does not constitute an express waiver and statutory or

prejudgment interest is still continuing to accrue and may be charged at a future time.
According to the Second Circuit in Avila,  any such a debt would need full and complete
disclosure.  See Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App.
LEXIS 17287 (8th Cir. Sep. 21, 2016) ("Nothing inherent in the process of charging off a debt
precludes a claim for statutory interest, and [the states] prejudgment interest statute does not
expressly preclude statutory prejudgment interest following a waiver of contractual
interest...[The debtor] received monthly periodic statements from the original creditors prior to
charge-off, and at least as to the  Wal-Mart  account, the charge-off statement itself is attached to
the pleadings. [The debtor] received a demand for payment of his accounts when due. We
conclude any demand requirement that exists as a precondition to the accrual of statutory
prejudgment interest was satisfied by the original creditors' demands upon [the debtor].")


    43. Upon information and belief, such actions are part of a scheme or business of the
Defendant when attempting to collect alleged debts from consumers in the State of New
York. Failure to disclose such a waiver of the automatically accruing interest is in of itself
deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the
balance would increase due to interest, fees and/or disbursements. Since the "Amount Due" is for
an amount that includes original principal, fees, and contractual interest, the collection notice
must accurately inform the consumer that interest is accruing daily or that interest has stopped
accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the
collection notices at issue here are misleading within the meaning of Section 1692e… a
consumer who pays the "Total Due"stated on the notice will not know whether the debt has been
paid in full."  Avila v. Riexinger & Assocs., LLC,  Nos. 15-1584(L), 15-1597(Con), 2016 U.S.

App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016) Although Defendant's collection letter stated an amount due, the letters failed to disclose to the  Plaintiff  that the Defendant  may collect the additional accruing interest at a later date. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under §1692e(10)  … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011) Absent a disclosure by the holder of the debt that the automatic interest is waived, even if the debtors  pays the "Balance" the Defendant and or the creditor  could  still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  Avila, at *10-11.


44. A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest. At the bare minimum a debt collection agency must clearly convey, even to the unsophisticated consumer that it

intends to waive the automatically accruing interest, or that the debt has stopped accruing

interest, and that the Debt Collector and/or the Creditor will always accept the amount stated in

full satisfaction of the debt.

45. Upon receiving Defendant's collection letter, the Plaintiff was uncertain whether the

amount listed was accruing interest as there was no disclosure or admonition

indicating otherwise. Defendant's letter would cause an unsophisticated consumer uncertainty

and force him or her to guess how much money is  allegedly owed to the Defendant, how much

money would accrue daily on  the  alleged  debt, how much additional money  would  be  owed

if the  "Total Due" stated in the collection letter  was paid, and if or when the Defendant's

collection efforts would actually discontinue if the  amount requested was remitted that the

Defendant.

46. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any

deceptive or misleading representation or means in connection with the collection of a

debt, including the false representation of the character, amount or legal status of any

debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10). The statement in the said letter is false and

misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

47. Upon information and belief, the Defendant's collection letters, number in at least the

hundreds, if not, thousands.  Plaintiff suffered injury in fact by being subjected to unfair and

abusive practices of the Defendant. Plaintiff suffered actual harm by being the target of the

Defendant's misleading debt collection communication. Defendant violated the Plaintiff's right

not to be the target of misleading debt collection communications. Defendant violated the Plaintiff's right to a truthful and fair debt collection process. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt. Defendant's communications were designed to cause debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

48. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability

49. These deceptive communications additionally violated the FDCPA since they frustrate the consumers' ability to intelligently choose his or her response. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

50. Defendant's letter is therefore in violation of 15 U.S.C. §§ 1692, 1692e, 1692e(5) and 1692e(10).

**<u>Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.</u>**

51. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

52. This cause of action is brought on behalf of Plaintiff and the members of a class.

53. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692e(11).

54. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

55. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

56. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

57. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

59. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

Dated: Nassau, New York
       October 26, 2017

/s/ Jacob Silver
_____
Jacob Silver
Attorney At Law
237 Club Dr.
Woodmere, NY 11598
(718) 855-3835
(718) 534-0057 – Fax
silverbankruptcy@gmail.com